976 So.2d 1192 (2008)
Suzanne BELL f/k/a Suzanne Hill, Appellant,
v.
Charles W. HILL, Appellee.
No. 2D07-807.
District Court of Appeal of Florida, Second District.
March 26, 2008.
Jean Marie Henne, Winter Haven, for Appellant.
Christine A. Trakas of Thornhill and Trakas, P.A., Winter Haven, for Appellee.
SALCINES, Judge.
Suzanne Bell, the former wife of Charles W. Hill, appeals from a postdissolution order that modified the parties' visitation agreement concerning their child. Although the postdissolution order contains several edicts, in this appeal Ms. Bell challenges only that portion of the postdissolution order that modified visitation. We reverse the postdissolution order to the extent that it modified visitation, and we remand for further proceedings.
During their marriage, the parties had one child who was born in December 1993. In 1995, when their child was a little over a *1193 year old, the parties' marriage was dissolved. The final judgment of dissolution of marriage incorporated a marital settlement agreement in which the parties set forth a detailed visitation schedule. In May 2006, eleven years after the dissolution, Mr. Hill filed a supplemental petition for modification in which he sought, among other things, a change of custody of the parties' minor child. A hearing on Mr. Hill's petition for modification of custody was held on December 19, 2006. Ms. Bell's attorney filed a motion for continuance on the morning of the hearing. The motion for a continuance was denied. Neither Ms. Bell nor her attorney appeared at the hearing.
Rather than modifying custody, the trial court modified visitation by awarding Mr. Hill visitation with the parties' child every weekend. It is not entirely clear what standard the trial court applied in reaching its decision, and the record before this court suggests that the trial court perhaps applied an incorrect standard. Critically absent from the modification order is a finding that there had been a substantial change in circumstances subsequent to the entry of the operative visitation schedule and that a change in visitation was in the best interest of the child, and we cannot intuit those findings from this record. The trial court found that the prior visitation schedule was "no longer appropriate." The trial court made several additional findings, but none of those findings specifically address a substantial change in circumstances or the best interest of the child. Indeed, some of those findings suggest that the modification of visitation might have been intended as a sanction against Ms. Bell for her recalcitrant actions. If that was the trial court's intent, the record does not support such a sanction.
Accordingly, we reverse the portion of the postdissolution order that modified visitation and remand for further consideration. On remand, the trial court must reconsider the evidence under the correct legal standard, and its ruling should demonstrate that the proper standard was applied. The trial court is not foreclosed from taking additional evidence to determine the child's best interest in this matter.
Reversed and remanded.
NORTHCUTT, C.J., and GALLEN, THOMAS M., Associate Senior Judge, Concur.